UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLOTTE RHYS JONES, wife, and RACE JONES, husband,<br><br>                     Plaintiffs,<br>   v.<br><br>SPOKANE COUNTY WASHINGTON, a political subdivision of the State of Washington; OZZIE KNEZOVICH, individually and in his capacity as Sheriff of Spokane County, Washington; SHAWN AUDIE, individually and in his capacity as Spokane County Deputy Sheriff; and JUSTIN ELLIOTT, individually and in his capacity as Spokane County Deputy Sheriff,<br><br>                     Defendant. | NO: 2:14-CV-35-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

BEFORE THE COURT is a Motion for Preliminary Injunction filed by Plaintiffs Charlotte Rhys Jones and Race Jones, ECF No. 4. The motion was heard with oral argument from the parties. Plaintiffs are represented by Karen L. Unger.

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 1

Defendants Spokane County, Washington, Sheriff Ozzie Knezovich, and Deputy Sheriffs Shawn Audie and Justin Elliott are represented by Heather C. Yakely. The Court has considered the briefing, the arguments of the parties, and the file, and is fully informed.

## BACKGROUND

Plaintiffs Charlotte Rhys Jones[1] and Race Jones filed a complaint in this Court under 42 U.S.C. § 1983, alleging that Defendants Spokane County, Sheriff Ozzie Knezovich, Deputy Shawn Audie, and Deputy Justin Elliott violated Plaintiffs' civil rights. Sheriff Knezovich and Deputies Audie and Elliott were each named individually and in their official capacities with the Spokane County Sheriff's Department.

Plaintiffs allege that plaintiffs were at their home late in the evening on December 15, 2011, when they heard a knock at the front door. Plaintiffs claim that they both went to answer the door, at which point Defendants Audie and Elliott "burst into the plaintiffs' home and immediately began assaulting Mr. Jones." ECF No. 1 at 3. Plaintiffs further allege that "[t]he assault was brutal and violent and unprovoked in any way." *Id.* According to Plaintiffs, the officers did not seek permission to enter the home, give any explanation for their presence at

---

[1] Ms. Jones was known as Ms. Rhys at all times relevant to the allegations of the Complaint. Ms. Jones and Mr. Jones were subsequently married.

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 2

the residence, or seek to question either plaintiff prior to the alleged assault. Plaintiffs further allege that Ms. Jones did not seek assistance from either of the officers or allege that she was a victim of domestic violence at the hands of Mr. Jones. *Id.* at 3-4.

According to Plaintiffs, Ms. Jones attempted to intervene to stop the officers as they were attacking Mr. Jones. Plaintiffs allege that Defendant Audie used his Taser weapon on Mr. Jones after Mr. Jones was in handcuffs and presented no threat. Plaintiffs state that they were both arrested and taken to the Spokane County Jail. *Id.* at 4. Plaintiffs were each charged with a felony. Plaintiffs allege that Defendants Audie and Elliott filed "false reports describing the encounter in a manner calculated to cover up their actions" and that the charges against the Plaintiffs were eventually dismissed. *Id.* at 4-5.

Plaintiffs further allege that Mr. Jones received "serious injuries, both physical and emotional" as a result of the incident. ECF No. 1 at 4. Ms. Jones alleges to have suffered physical injuries as well as "severe emotional distress." *Id.*

With regard to Spokane County and Sheriff Knezovich, Plaintiffs allege that Sheriff Knezovich knew of "other instances of excessive and unlawful force" by members of the Spokane County Sheriff Department, including Defendant Audie. Plaintiffs allege that Sheriff Knezovich was obligated to protect the public from

1  Defendant Audie but took no such steps.  Plaintiffs further allege that despite

2  "numerous incidents of police brutality and unlawful use of force," the department

3  has taken no action to address these ongoing issues.  *Id.* at 5-6.

4        Plaintiffs stated four causes of action in their complaint:  1) use of excessive

5  force by Defendants Audie, Elliott, and Knezovich; 2) policies and customs on the

6  part of Defendants Spokane County and Sheriff Knezovich, including a failure to

7  train and failure to discipline, that caused violations of Plaintiffs' civil rights; 3)

8  violations of Plaintiffs' rights "to be secure in their persons against unreasonable

9  seizures in the sanctity of their home" by Defendants Audie and Elliott; and 4)

10 violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments

11 against each defendant.  *Id.* at 6-9.  Plaintiffs seek "preliminary and permanent

12 injunctive relief" against Defendant Audie's continued employment with the

13 Spokane County Sheriff's Department as well as money damages, attorney's fees

14 and costs.  *Id.* at 9-10.

15       In their answer, Defendants generally deny the factual allegations in

16 Plaintiffs' complaint. ECF No. 11.  Defendants allege that Mr. Jones engaged in

17 "assaultive" and "belligerent" behavior, and "actively resisted arrest and fought

18 [with] the Deputies."  *Id.* at 3-4.  Defendants deny "that any assault occurred or

19 was brutal and unprovoked in any way."  *Id.* at 3.  Defendants further deny that

20 Mr. Jones was "tased" at any time or that the officers falsified any reports.  *Id.* at 4-

5. Defendants deny that Mr. Jones suffered multiple injuries all over his body except that "Mr. Jones suffered discolored eyes," and deny that Mr. Jones suffered any injuries from a Taser because he "was never tased." *Id.* at 5. Defendants do admit that all charges were eventually dropped against Mr. Jones, and that Ms. Jones' original charges were pleaded down to lesser charges. *Id.*

Plaintiffs have filed a Motion for Preliminary Injunction. ECF No. 4. Plaintiffs seek to enjoin Spokane County "from continuing to violate the civil rights of its citizens" and "the further active duty employment of defendants Audie and Knezovich." *Id.* at 1. Defendants oppose the motion. ECF No. 9.

Plaintiffs rely on the declarations of Race Jones and Charlotte Jones, which generally echo and expand upon the allegations of the complaint. ECF Nos. 5-6, 17. Plaintiffs also provided evidence of other allegations against Spokane County, including some involving Deputy Audie specifically. ECF No. 4-3, 4-4, 13, 13-1. Plaintiffs contend that the prior incidents involving Deputy Audie are similar in nature to the allegations of their complaint. For their part, Defendants have submitted police reports from Defendants Elliott and Audie, entered under the penalty of perjury, that provide a version of the events markedly different from Plaintiffs' allegations. ECF No. 15-1.

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 5

ANALYSIS

To obtain a preliminary injunction, a plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Johnson v. Couturier*, 572 F.3d 1067, 1078 (9th Cir. 2009) (quoting *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right." *Winter*, 555 U.S. at 24.

The purpose of a preliminary injunction "is to preserve the status quo between the parties pending a resolution of a case on the merits." *E.g.*, *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012). Where a party requests "mandatory preliminary relief that goes well beyond maintaining the status quo," the court "should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1161 (9th Cir. 2011) (noting that mandatory injunctions are "particularly disfavored" and "are not granted unless extreme or very serious damage will result" (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

The Supreme Court requires a heightened showing when a federal court enjoins a state agency. A federal court may enjoin a state or local law enforcement agency only upon a showing of "an intentional and pervasive pattern of misconduct" by officials. *Thomas v. Cnty. of L.A.*, 978 F.2d 504, 508 (9th Cir. 1992) (citing *Rizzo v. Goode*, 423 U.S. 362, 375 (1976)). Broad injunctive relief against a state or local law enforcement agency may be issued only upon "[s]pecific findings of a persistent pattern of misconduct supported by a fully defined record." *Id.* at 509.

Defendants contend that issuance of an injunction is inappropriate under the *Rizzo* standard because Plaintiffs have not established that any constitutional violations have occurred, let alone that there has been an intentional and pervasive pattern of constitutional violations.

Plaintiffs appear to contend that a persistent pattern of misconduct may be found through a collection of fourteen federal cases in the Eastern District of Washington from 2007 through 2014, which, according to Plaintiffs, establishes the "failure of the Spokane County Sheriff to adequately protect the public" from the actions of the defendant officers and its deputies in general. ECF No. 12 at 2-4; ECF No. 13-1. However, many of these cases involve the conduct of guards at the Spokane County Jail and not of deputies in the public at large. In addition, Plaintiffs have not shown that constitutional violations were actually found in these

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 7

cases; rather, Plaintiffs have shown only that allegations were made. Plaintiffs also hypothesize that "there may be additional actions filed in state courts, or elsewhere." ECF No. 12 at 4. Such speculation hardly rises to the level of proof Plaintiffs need to support their motion.

Therefore, the Court finds that Plaintiffs have not met their burden under *Rizzo* for seeking an injunction against a state law enforcement agency. 423 U.S. 362. However, even if the Court moved past the *Rizzo* test and analyzed Plaintiffs' request for issuance of an injunction under the four-part *Winter* test, 555 U.S. at 20, the Court concludes that Plaintiffs have still not met their burden.

1. Likelihood of success on the merits

Plaintiffs contend that they have a strong likelihood of success on the merits based upon the allegations of the complaint and the declarations submitted by Mr. and Ms. Jones in support of the motion for preliminary injunction.

Defendants respond that Plaintiffs' argument is based wholly on Plaintiffs' "speculative and self-serving" declarations. ECF No. 9 at 7. Defendants contend that the police reports establish a differing version of the events. According to police reports submitted by Deputies Audie and Elliott, the officers were called to Plaintiffs' apartment by a neighbor reporting a possible domestic violence situation; both Mr. Jones and Ms. Jones appeared to be heavily intoxicated; Ms. Jones initially sought the help of the officers; Mr. Jones first attacked the officers

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 8

as they stood at the front porch of Plaintiffs' home; and Ms. Jones indicated to the officers that domestic violence situations were commonplace at Plaintiffs' home. ECF No. 15-1. Defendants additionally contend that the fact that the original charges were dropped against Plaintiffs does not establish a likelihood of success on the merits in this case, and that Ms. Jones actually pled guilty to a lesser charge of obstruction a law enforcement officer, ECF No. 10-1.

Defendants finally contend that an injunction against the Sheriff's Department would be inappropriate because Plaintiffs have introduced no evidence that a policy or procedure caused the alleged constitutional violations in their case. Defendants point out that one of the previous cases against Deputy Audie, which Plaintiffs rely on in claiming a failure to take remedial measures, was dismissed via a settlement in which there was no admission of fault or finding of wrongdoing. In the other matter Plaintiffs rely on, the death of William Berger, Defendants "refute any wrongdoing" and note that there have been no findings to date in the investigation.

Plaintiffs have, at most, established a genuine issue of fact that would require a jury to resolve the parties' differing versions of the events, along with whether the Sheriff's Department had a pattern or practice of violating the rights of its citizens through the use of excessive force. Such a showing does not rise to a likelihood of success on the merits.

2. <u>Irreparable harm</u>

Plaintiffs rely on two prior incidents involving Deputy Audie having allegedly assaulted Spokane citizens, one of them resulting in the death of William Sage Berger on June 6, 2013. Plaintiffs claim that the actions of Deputy Audie in those cases were nearly identical to the alleged assault on Plaintiff Race Jones. Plaintiffs additionally allege that Sheriff Knezovich took no action to protect the public in light of the prior incidents. Plaintiffs further argue that they could reasonably fear that one of the defendant officers would again be dispatched to their residence and would again assault Plaintiffs.

Defendants contend that Plaintiffs have not even shown that any constitutional violations have occurred, let alone that future violations will occur in the absence of an injunction.

Plaintiffs must show that they are likely to suffer irreparable harm if the injunction is not granted. *See Couturier*, 572 F.3d at 1078. Plaintiffs have not shown that Deputies Audie and Elliott are likely to encounter Plaintiffs at their home again or that they are likely to violate Plaintiffs' civil rights should such an encounter occur. Plaintiffs instead rely on a theory of general harm to the public. The court is skeptical that Plaintiffs could prevail without a showing of individualized harm, and in any event Plaintiffs have only alleged, and not established, recurring incidences of constitutional violations by the Defendants.

3. <u>Balance of equities</u>

Plaintiffs allege that "it is clear that a preliminary injunction is necessary to prevent the continuing violent and unprofessional conduct" of Deputy Audie and Sheriff Knezovich. ECF No. 4 at 5.

Defendants contend that the balance of the equities do not favor Plaintiffs because they must show that they will be injured if an injunction is not granted, not that the public at large could suffer some injury. Defendants further argue that Deputy Audie will suffer the harm of being removed from his employment if the injunction is granted, and that this far outweighs any speculative harm to Plaintiffs or some unknown third party.

The Court finds that the equities do not favor the issuance of a preliminary injunction. To remove Defendants from their employment without a much more substantial showing on the part of Plaintiffs would be inequitable. In addition, it would be inequitable to enjoin Spokane County "from continuing to violate the civil rights of its citizens" without an actual showing that Spokane County has a pattern or practice of engaging in such conduct.

4. <u>The public interest</u>

Plaintiffs contend that "getting [Deputy Audie] off the street" will serve the public interest and that without intervention from the court, Defendants "are more

1  likely than not to continue to assault, injure and otherwise endanger the public."

2  ECF No. 4 at 6.

3      Defendants contend that the issuance of an injunction will adversely affect

4  public safety given Deputy Audie's inability to work if the injunction is issued

5  combined with budgetary constraints on the County.  According to the County,

6  there are only a small number of Sheriff's deputies on patrol at any given time and

7  removing one deputy from the rotation would have a severe adverse effect on the

8  efficacy of law enforcement in the County.  However no actual evidence was

9  presented on this point.

10      The public interest does not weigh in favor of issuing an injunction absent a

11  more substantial showing from the Plaintiffs that Defendants have engaged in

12  widespread violation of the civil rights of Spokane County's citizens.

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / /

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION ~ 12

1 | The Court concludes that the Plaintiffs have not established that an
2 | injunction against a state law enforcement agency is appropriate under *Rizzo*, nor
3 | have they established that the issuance of a preliminary injunction is appropriate
4 | under the four-part *Winter* test.  Plaintiffs' motion is denied.

5 | Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for
6 | Preliminary Injunction, **ECF No. 4**, is **DENIED**.

7 | The District Court Clerk is directed to enter this Order and to provide a copy
8 | to counsel.

9 | **DATED** this 21st day of April, 2014.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge